**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

FERYAL MOHAMMAD AND
WAJDAN MOHAMMAD,                          CASE NO.:

     Plaintiffs,

vs.

SYNCHRONY FINANCIAL D/B/A
SYNCHRONY BANK,                          <u>DEMAND FOR JURY TRIAL</u>

     Defendant,

_____/

<u>**VERIFIED COMPLAINT**</u>

**COME NOW**, Plaintiffs, Feryal Mohammad and Wajdan Mohammad (hereafter

"Plaintiffs"), by and through undersigned counsel, and hereby sue Defendant, Synchrony Financial

d/b/a Synchrony Bank, (hereafter "Defendant"), and state as follows:

<u>**PRELIMINARY STATEMENT**</u>

This action arises out of Defendant's violations of the Florida Consumer Collection

Practices Act, Florida Statute §§ 559.55 *et seq.* (hereafter the "FCCPA) and the Telephone

Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA").

<u>**JURISDICTION AND VENUE**</u>

1.    Jurisdiction and venue for purposes of this action are appropriate and conferred by

28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA

and/or by F.S. § 47.011 and/or by 28 U.S.C § 1332, diversity jurisdiction.

2.    Subject matter jurisdiction, federal question jurisdiction, for purposes of this action,

is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have

original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii).

3.      Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District because the Plaintiffs reside in this District, the phone calls were received in this District, and Defendant transacts business in this District.

## FACTUAL ALLEGATIONS

4.      Plaintiffs are individuals residing in Miami-Dade County, Florida.

5.      Plaintiffs are consumers as defined by the FCCPA, Fla. Stat. § 559.55(2).

6.      Defendant is a consumer financial services company with headquarters in Connecticut.

7.      Defendant is a "creditor," as defined by the FCCPA, Fla. Stat. § 559.55(5), and does business throughout the state of Florida, including Miami-Dade County, Florida.

8.      Defendant is a "person" subject to regulations under Fla. Stat. § 559.72 and 47 U.S.C. § 227(b)(1).

9.      The conduct of Defendant, which gives rise to the cause of action herein alleged, occurred in this District, Miami-Dade County, Florida, by the Defendant's placing of telephone calls to Plaintiffs' cellular telephones in an attempt to collect a debt.

10.     Defendant, at all material times, was attempting to collect a debt relating to a Lowe's credit card in the name of Feryal Mohammad only.

11.     The alleged debt that is the subject matter of this complaint is a "consumer debt" as defined by the FCCPA, Fla. Stat. §559.55(6).

12.     Plaintiffs revoked any prior express consent to contact Plaintiffs via cellular telephone or any other form of communication on January 8, 2018, through a facsimile transmission to Defendant's facsimile number, 866-248-8042.

13.     In addition to the request not to be contacted by Defendant on January 8, 2018, Plaintiffs directed Defendant to contact Plaintiffs' attorney and included the name of the law firm representing Plaintiffs and the contact information for the law firm.

14.     Despite Plaintiffs sending a written request not to be contacted via their cellular telephones and directing communication via their attorney, Defendant continued to contact Plaintiffs directly via their cellular telephone.

15.     All calls to Plaintiffs' cellular telephones were made after Plaintiffs revoked any "alleged" consent and without the "prior express consent" of Plaintiffs.

16.     Plaintiff, Feryal Mohammad, is the regular user and carrier of the cellular telephone number ending in -8872 and was one of the called parties and recipients of Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

17.     Plaintiff, Wajdan Mohammad, is the regular user and carrier of the cellular telephone number ending in -1894 and was one of the called parties and recipients of Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

18.     Defendant knowingly and/or willfully called Plaintiffs' cellular telephones after Defendant had unequivocal notice from Plaintiffs to cease any and all calls and after Plaintiffs withdrew any prior consent or permission to be contacted.

19.     Defendant knowingly and/or willfully harassed and abused Plaintiffs by calling Plaintiffs' cellular telephones multiple times per day after Plaintiffs revoked any alleged consent for Defendant to contact Plaintiffs' cellular telephones.

3

20.     Defendant used an automatic telephone dialing system or an artificial or pre-recorded voice to place telephone calls to Plaintiffs' cellular telephones.

21.     The following phone number, including, but not limited to, (866) 445-6548, is a phone number Defendant used to call Plaintiffs' cellular telephones.

22.     Defendant has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of all calls made to Plaintiffs.

23.     Defendant placed calls to Plaintiffs' cellular telephones that included delays in time before the telephone call was transferred to a representative to speak.

24.     Plaintiffs did not speak with a representative during some of the phone calls placed by Defendant because there was no representative on the telephone call that spoke or attempted to communicate with Plaintiffs after Plaintiffs answered the telephone call.

25.     Some of the representatives who called Plaintiffs' cellular telephones sounded like an artificial or pre-recorded voice.

26.     Plaintiffs did not speak with a live representative during some of the phone calls because the calls were made by Defendant using an artificial or pre-recorded voice.

27.     Plaintiffs' attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiffs.

28.     The calls from Defendant to Plaintiffs' cellular telephone continued despite Plaintiffs expressly revoking their consent.

29.     None of Defendant's telephone calls placed to Plaintiffs were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

30.     None of Defendant's telephone calls placed to Plaintiffs were made with Plaintiffs' "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

31.     All conditions precedent to the filing of this lawsuit have been performed or have occurred.

## COUNT I
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)

32.     Plaintiffs incorporate all allegations in paragraphs 1-31 as if stated fully herein.

33.     Jurisdiction is proper pursuant to Florida Statute § 559.77(1).

34.     Defendant violated Florida Statute § 559.72(7) when it willfully communicated with Plaintiffs with such frequency as can reasonably be expected to abuse or harass Plaintiffs.

35.     Specifically, Defendant continued to make numerous telephone calls to Plaintiffs' cellular telephones after being notified in writing to no longer call Plaintiffs' cellular telephones.

36.     Despite Defendant's knowledge of Plaintiffs' requests not to be contacted via cellular telephones and advisement of representation by counsel, Defendant continued to call Plaintiffs' cellular telephones.

37.     The continued contact by Defendant was abusive and harassing to Plaintiffs.

**WHEREFORE**, Plaintiffs, Feryal Mohammad and Wajdan Mohammad, demand judgment against Defendant, Synchrony Financial d/b/a Synchrony Bank, for the following relief:

a.      any actual damages sustained by Plaintiffs as a result of the above allegations;

b.      statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

c.      pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiffs whole;

      d.     in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff(s); and

      e.     any other relief the Court deems just and proper.

## COUNT II
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(18)

38.     Plaintiffs incorporate all allegations in paragraphs 1-31 as if stated fully herein.

39.     Jurisdiction is proper, pursuant to Florida Statute § 559.77(1).

40.     Defendant violated the FCCPA, Fla. Stat. § 559.72(18), when it knowingly communicated with Plaintiffs after it knew Plaintiffs were represented by counsel and could reasonably ascertain the name and address of counsel.

41.     Specifically, Defendant continued to place phone calls to Plaintiffs' cellular telephones despite having actual knowledge that Plaintiffs were represented by an attorney.

**WHEREFORE**, Plaintiffs, Feryal Mohammad and Wajdan Mohammad, demand judgment against Defendant, Synchrony Financial d/b/a Synchrony Bank, for the following relief:

      a.     any actual damages sustained by Plaintiffs as a result of the above allegations;

      b.     statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

      c.     pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff(s) whole;

      d.     in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiffs; and

e.      any other relief the Court deems just and proper.

**COUNT III**
**VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)**

42.     Plaintiffs incorporate all allegations in paragraphs 1-31 if stated fully herein.

43.     Jurisdiction is proper pursuant to 47 U.S.C. § 227(b)(3).

44.     Defendant used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiffs' cellular telephones.

45.     Defendant independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendant placed to Plaintiffs' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice.

46.     The phone calls made by Defendant are considered willing and knowing violations of the TCPA, as Defendant is well aware of the TCPA and its prohibitions.

**WHEREFORE**, Plaintiffs, Feryal Mohammad and Wajdan Mohammad, demand judgment against Defendant, Synchrony Financial d/b/a Synchrony Bank, for the following relief:

a.      statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after Plaintiff's(s') revocation;

b.      an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendant's independent violations were made willfully or knowingly; and

c.      any other relief the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury as to all issues.

## <u>VERIFICATION</u>

Under penalty of perjury, I have read the foregoing and it is true and correct.

*Feryal Mohammad*
_____
Feryal Mohammad


Under penalty of perjury, I have read the foregoing and it is true and correct.

*Wajdan Mohammad*
_____
Wajdan Mohammad


Date:          07/31/18
_____

**BOSS LAW**

/s/ Christopher W. Boss
_____
**Christopher W. Boss, Esq.**
Fla. Bar No.: 13183
Service Email: cpservice@bosslegal.com
9887 Fourth Street North, Suite 202
St. Petersburg, Florida 33702
Phone: (727) 471-0039
Fax: (888) 449-8792
**Attorney for Plaintiffs**